USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
AT&T CORP., :
:
                 Plaintiff, :
:
  -against- :
:
ATOS IT SOLUTIONS AND SERVICES, :
INC. :
:
                 Defendant. :
:
:   Case No. 1:21-cv-04550-GHW
------------------------------------- x
:
ATOS IT SOLUTIONS AND SERVICES, :
INC., :
:
                 Counterclaim Plaintiff, :   **STIPULATED**
:   **CONFIDENTIALITY**
  -against- :   **AGREEMENT AND**
:   **PROTECTIVE ORDER**
AT&T CORP. :
                 Counterclaim Defendant. :
:
------------------------------------- x

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order (collectively, "Confidential Discovery Material"), no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, prices, pricing mechanisms, formulas or costs, sales reports, and sale margins);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans;

    (d) any information that may be subject to foreign data protection and privacy laws and regulations, including but not limited to the European Union

("EU") General Data Protection Regulation ("GDPR") (Regulation (EU) 2016/679) and/or any other relevant laws and regulations;

(e) information prohibited from disclosure by statute;

(f) information that reveals trade secrets;

(g) research, technical, commercial, or financial information that the Producing Party has maintained as confidential;

(h) competitive technical information;

(i) competitive business information;

(j) personally identifiable information; or

(k) income tax returns.

(l) any other category of information given confidential status by this Court after the date of this Order.

3. The Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" only the portion of such Confidential material that (A) the opposing Party is not lawfully entitled to receive (*e.g.*, where disclosure is prohibited by statute or otherwise), or (B) the Producing Party reasonably and in good faith believes (i) is unknown to the opposing Party, (ii) would reveal significant Confidential Information, or technical or business information of the Producing Party, and (iii) is so highly sensitive that its disclosure could result in competitive or commercial disadvantage to the Producing Party.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by

stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

5. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Highly Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential, as the case may be. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation within two business days of providing such notice.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

   (a) the Parties to this action, their insurers, and counsel to their insurers;

   (b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

   (c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

   (d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   (e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   (f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   (g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such

        person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    (h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

    (i)    this Court, including any appellate court, its support personnel, and court reporters.

9. Where a Producing Party has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the persons described in subparagraphs 8(b)-(i).

10. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at

trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

12. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices.

14. Any Party who requests additional limits on disclosure may, at any time before the trial of this action, serve upon counsel for the recipient Parties a written notice stating with

particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Confidential or Highly Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its

return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[REMAINDER INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS]

SO STIPULATED AND AGREED.

Dated: November 23, 2021

HAYNES AND BOONE LLP

By: */s/ Christos Papapetrou*
    Jonathan D. Pressment
    Christos Papapetrou
    A. Avery Burrell

30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Tel.: (212) 659-7300
Fax: (212) 918-8989
jonathan.pressment@haynesboone.com
christos.papapetrou@haynesboone.com
a.avery.burrell@haynesboone.com

*Attorneys for Plaintiff*
  *AT&T Corp.*

DLA PIPER LLP (US)

By: */s/ Andrew J. Peck*
    Leon Medzhibovsky
    leon.medzhibovsky@us.dlapiper.com
    Andrew J. Peck
    andrew.peck@us.dlapiper.com
    Steven M. Rosato
    steven.rosato@us.dlapiper.com

1251 Avenue of the Americas, 27th Floor
New York, NY  10020-1104
Tel.: 212.335.4500
Fax: 212.335.4501

Cameron A. Fine (*pro hac vice*)
cameron.fine@us.dlapiper.com
2525 East Camelback Road, Suite 100
Phoenix, AZ 85016-4232
Tel.: 480.606.5132
Fax: 480.606.5533

*Attorneys for Defendant and Counterclaimant*
  *Atos IT Solutions and Services, Inc.*

SO ORDERED.

Dated: November 23, 2021
New York, New York

                        GREGORY H. WOODS
                        United States District Judge

Exhibit A to Stipulated Confidentiality Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
AT&T CORP., :
:
Plaintiff, :
:
-against- :
:
ATOS IT SOLUTIONS AND SERVICES, :
INC. :
:
Defendant. :
:
: Case No. 1:21-cv-04550-GHW
------------------------------------- x
:
ATOS IT SOLUTIONS AND SERVICES, :
INC., :
:
Counterclaim Plaintiff, : **NON-DISCLOSURE**
: **AGREEMENT**
-against- :
:
AT&T CORP. :
Counterclaim Defendant. :
:
------------------------------------- x

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date: