```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
 ------------------------------------------------------------------- X
                                                                     :
   AT&T CORP.,                                                       :
                                                                     :
                                          Plaintiff,                 :     1:21-cv-04550-GHW
                                                                     :
                       -against-                                     :     ORDER
                                                                     :
   ATOS IT SOLUTIONS AND SERVICES, INC.,                             :
                                                                     :
                                          Defendant.                 :
                                                                     :
 ------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/2022

GREGORY H. WOODS, District Judge:

On November 2, 2021, Plaintiff AT&T Corp. moved to dismiss several counterclaims asserted by Defendant Atos IT Solutions and Services Inc. Dkt. No. 33. The Court has considered the submissions of the parties in connection with the motion, including Plaintiff's memorandum of law in support of the motion, Dkt. No. 35, the declaration of Jonathan A. Pressment, Dkt. No. 34; Defendant's memorandum of law in opposition to the motion, Dkt. No. 41, and Plaintiff's reply memorandum of law in support of the motion, Dkt. No. 43. The Court has reviewed the motion under the standard applicable to motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6), which is accurately described in the parties' submissions. The rule generally requires, among other things, that the court accept as true the non-conclusory facts alleged in the complaint and that the court draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).

Having done so, the Court denies the motion in full. Fundamentally, Defendant's counterclaims are adequately pleaded. The Court cannot conclude as a matter of law on the record before it that the claims should be dismissed at this time. The motion has no impact on the nature or scope of discovery in this case. Plaintiff's motion rests in large part on contested issues of fact

that the Court cannot resolve in the context of a motion to dismiss based solely on the well-pleaded facts included in the complaint and the other documents that the Court can properly consider in the context of a motion to dismiss. The issues presented in the motion may be more fruitfully explored in the context of a motion for summary judgment.

Plaintiff's November 2, 2021 motion to seal specified financial information presented to the Court in connection with the motion to dismiss is granted. In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is granted. The documents sought to be sealed are judicial documents. However, the weight of the presumption is low; the information sought to be sealed had no pertinence to the Court's assessment of the motion. The factors that counsel against disclosure described in Plaintiff's letter—principally the potential commercial impact on Plaintiff from the disclosure of the pricing terms redacted from the publicly docketed materials—outweigh the public's interest in disclosure of the redacted text at this time.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 33 and 36.

SO ORDERED.

Dated: July 11, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge