UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AT&T CORP.,

                Plaintiff,

  -against-

ATOS IT SOLUTIONS AND SERVICES, INC.

                Defendant.

Case No. 1:21-cv-04550-JLR

---

ATOS IT SOLUTIONS AND SERVICES, INC.,

                Counterclaim Plaintiff,

  -against-

AT&T CORP.

                Counterclaim Defendant.

**AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

---

JENNIFER L. ROCHON, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only" pursuant to this Order (collectively, "Confidential Discovery Material"), no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, prices, pricing mechanisms, formulas or costs, sales reports, and sale margins);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans;

    (d) any information that may be subject to foreign data protection and privacy laws and regulations, including but not limited to the European Union

          ("EU") General Data Protection Regulation ("GDPR") (Regulation (EU) 2016/679) and/or any other relevant laws and regulations;

(e)     information prohibited from disclosure by statute;

(f)     information that reveals trade secrets;

(g)     research, technical, commercial, or financial information that the Producing Party has maintained as confidential;

(h)     competitive technical information;

(i)     competitive business information;

(j)     personally identifiable information; or

(k)     income tax returns.

(l)     any other category of information given confidential status by this Court after the date of this Order.

3.     The Producing Party may designate as "Highly Confidential – Attorneys' Eyes Only" only the portion of such Confidential material that (A) the opposing Party is not lawfully entitled to receive (*e.g.*, where disclosure is prohibited by statute or otherwise), or (B) the Producing Party reasonably and in good faith believes (i) is unknown to the opposing Party, (ii) would reveal significant Confidential Information, or technical or business information of the Producing Party, and (iii) is so highly sensitive that its disclosure could result in competitive or commercial disadvantage to the Producing Party.

4.     The Producing Party may designate as "Highly Confidential – Outside Counsel Eyes Only" only such Confidential material that appears to disclose pricing models and/or methodologies, unit costs or other highly sensitive competitive pricing information.

5.      With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Outside Counsel Eyes Only" by stamping or otherwise clearly marking as "Confidential," "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Counsel Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility.

6.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information (whether the Highly Confidential Information be Attorneys Eyes Only or Outside Counsel Eyes Only), in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential", "Highly Confidential – Attorneys' Eyes Only", or "Highly Confidential – Outside Counsel Eyes Only", in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel and affording the transcript the appropriate protection of such Confidential, Highly Confidential-Attorneys Eyes Only, or Highly Confidential-Outside Counsel Eyes Only material required under this Protective Order. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential – Outside Counsel Eyes Only unless otherwise agreed to by both Parties.

7. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential, Highly Confidential – Attorneys Eyes Only, or Highly Confidential – Outside Counsel Eyes Only some portion(s) of Discovery Material that it previously produced without such limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential, Highly Confidential – Attorneys Eyes Only, or Highly Confidential – Outside Counsel Eyes Only, as the case may be. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential," "Highly Confidential – Attorneys' Eyes Only", or "Highly Confidential – Outside Counsel Eyes Only" designation within two business days of providing such notice.

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order (the "Receiving Party") may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

    (b) outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

10.     Where a Producing Party has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the persons described in subparagraphs 9(b)-(i).

11. Before disclosing any Confidential or Highly Confidential – Attorneys Eyes Only Discovery Material to any person referred to in subparagraphs 9(d), 9(f), or 9(g) above, counsel for the Receiving Party must first provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12. Where a Producing Party has designated Discovery Material as Highly Confidential – Outside Counsel Eyes Only, other persons subject to this Order may only disclose such information to the persons described in subparagraphs 9(b)-(i) and, even as to those persons, only if the persons with whom the receiving party wishes to share such Highly Confidential – Outside Counsel Eyes Only Discovery Material has first satisfied the requirements of paragraphs 13 through 15 below.

13. Disclosure of any Discovery Material designated as Highly Confidential – Outside Counsel Eyes Only to any person referred to in subparagraph 9(c) is limited to those vendors or services providers who are expressly bound by duties of confidentiality to outside counsel.

14. Before disclosing any Discovery Material designated as Highly Confidential – Outside Counsel Eyes Only to any person(s) that a Party retains to serve as an expert, the Party wishing to share such information with such expert(s) must first affirm in writing that such expert(s) are not industry consultants and do not provide consulting services to competitors of AT&T or Atos. Such affirmation shall be provided to counsel for the Producing Party prior to disclosure of the Highly Confidential – Outside Counsel Eyes Only material to the expert(s).

15. In addition to those individuals identified in Paragraphs 12-14 above, a Party may disclose Discovery Material designated as Highly Confidential – Outside Counsel Eyes Only to AT&T witnesses deposed or otherwise testifying, so long as any discussion of Discovery Material designated as Highly Confidential – Outside Counsel Eyes Only is identified and made subject to the restrictions for such Discovery Material imposed by this Protective Order.

16. The Parties agree not to disclose any Discovery Material designated as Highly Confidential – Outside Counsel Eyes Only to any persons beyond those individuals identified in Paragraphs 12-15 hereof until the Parties have first met-and-conferred to address such proposed disclosure, in advance. To the extent the Parties cannot agree on the terms and/or propriety of such further disclosure (i.e., disclosure of Discovery Material designated as Highly Confidential – Outside Counsel Eyes Only to individuals beyond those identified in Paragraphs 12-15 hereof), the Party seeking such further disclosure must, to the extent it still wishes to pursue such disclosure, seek an Order from the Court to permit such disclosure. In addition, the Disclosing Party may, but is not required to, seek an Order to prevent such disclosure.

17. The Parties agree not to use the specifics of any information contained in Discovery Material designated as Highly Confidential – Outside Counsel Eyes Only in any application seeking an Order to permit the disclosure of such Discovery Material to individuals or entities beyond those identified in Paragraphs 12-15 hereof, and both parties reserve all rights to seek and/or oppose any motion seeking such Order (*i.e.*, both parties shall rely on the arguments they would make absent the disclosure of the Highly Confidential – Outside Counsel Eyes Only Discovery Materials in any application for an Order permitting the disclosure of Highly Confidential – Outside Counsel Eyes Only materials to individuals and/or entities beyond those permitted under Paragraphs 12-15 hereof).

18. This Order binds the Parties and certain others to treat as Confidential or Highly Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential.

19. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual Practices in Civil Cases.  No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers.  All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material.  Notwithstanding its designation, there is no presumption that Confidential

Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

20. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(E) of this Court's Individual Practices.

21. Any Party who requests additional limits on disclosure may, at any time before the trial of this action, serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(E) of this Court's Individual Rules of Practice in Civil Cases.

22. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

23. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the

subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

24. Each person who has access to Discovery Material designated as Confidential, Highly Confidential – Attorneys Eyes Only or Highly Confidential – Outside Counsel Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

25. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

26. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

27. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: November 10, 2022

| HAYNES AND BOONE LLP | DLA PIPER LLP (US) |
|---|---|
| By: */s/ Jonathan Pressment*<br>     Jonathan D. Pressment<br>     Christos Papapetrou<br><br>30 Rockefeller Plaza, 26th Floor<br>New York, New York 10112<br>Tel.: (212) 659-7300<br>Fax: (212) 918-8989<br>jonathan.pressment@haynesboone.com<br>christos.papapetrou@haynesboone.com<br><br>*Attorneys for Plaintiff and Counterclaim-Defendant AT&T Corp.* | By: */s/ Cameron A. Fine*<br>Cameron A. Fine (*pro hac vice*)<br>Leon Medzhibovsky<br>Andrew J. Peck<br>Steven M. Rosato<br><br>1251 Avenue of the Americas, 27th Floor<br>New York, NY 10020-1104<br>Tel.: 212.335.4500<br>Fax: 212.335.4501<br>leon.medzhibovsky@us.dlapiper.com<br>cameron.fine@us.dlapiper.com<br>andrew.peck@us.dlapiper.com<br>steven.rosato@us.dlapiper.com<br><br>*Attorneys for Defendant and Counterclaim-Plaintiff Atos IT Solutions and Services, Inc.* |

SO ORDERED.

Dated: November 14, 2022  
New York, New York

                                                    _____  
                                                    JENNIFER L. ROCHON  
                                                    United States District Judge

Exhibit A to Amended Stipulated Confidentiality Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
AT&T CORP.,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　-against-　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
ATOS IT SOLUTIONS AND SERVICES, INC.　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　Defendant.　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:       Case No. 1:21-cv-04550-JLR
　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------- x
　　　　　　　　　　　　　　　　　　　　　　:
ATOS IT SOLUTIONS AND SERVICES, INC.,　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Counterclaim Plaintiff,　　:
　　　　　　　　　　　　　　　　　　　　　　:       **NON-DISCLOSURE**
　　-against-　　　　　　　　　　　　　　　:       **AGREEMENT**
　　　　　　　　　　　　　　　　　　　　　　:
AT&T CORP.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Counterclaim Defendant.　　 :
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------- x

　　　　I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Name:
　　　　　　　　　　　　　　　　　　　　　　　　　Date: