```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AT&T CORP.,

                    Plaintiff,

       - against -

ATOS IT SOLUTIONS AND SERVICES, INC.,

                    Defendant.
------------------------------------------------------------X

21-CV-4550 (VSB) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

       This order resolves the issues raised by Plaintiff AT&T in its letter dated January 23, 2024 (Dkt. 136, 137). AT&T's application is granted in part and denied in part. Having considered the parties' arguments (see Defendant Atos's response at Dkt. 156) and all prior proceedings, the Court's rulings follow. To the extent a request for discovery is denied, the Court has determined that the request is not proportional to the needs of the case, particularly given the extensive discovery taken to date, limited relevance, and all other factors germane to the proportionality analysis.

       1.    Waiver: The Court denies AT&T's request to find that Atos waived its objections.

       2.    Additional Custodians: AT&T's request that Atos search files of 7 additional Atos custodians is granted only to the extent that any of those 7 employees were either (a) author of the statements quoted by AT&T in the first paragraph under section B on page 2 of its January 23, 2024 letter, or (b) attributed as the source of any of those statements. The request is otherwise denied.

1

3. Atos Internal Folder: There is no ripe dispute concerning the SharePoint Site "Atos internal folder" given that Atos agreed to collect and produce responsive documents from the folder. Atos shall disclose the individuals in the email listserv for "dl-race-initiative-leaders" only if the "Atos internal folder" contains responsive documents.

4. Other Bad Deals: AT&T's request is denied.

5. European and Global Management: AT&T's request for discovery from custodians from Atos's European and Global Management is denied, so long as Atos has produced any responsive documents from the North America custodians that reference or constitute communications from or to Atos European and Global Management, which AT&T acknowledges Atos has claimed to have done.

6. Investigation of the Mole: AT&T's request for discovery with respect to Atos's investigation of the mole is denied, except to the extent that Atos must produce any factual information learned from the investigation. Atos's counterclaims do not reference or put at issue Atos's investigation of the mole; rather, the counterclaims allege facts about the mole – gleaned from documents that the parties have produced – and their role in the parties' dispute. Atos did rely on the timing of its investigation in argument concerning its motion to amend, but that is not relevant to the underlying dispute and what the parties have alleged in their pleadings. Accordingly, Atos has not waived attorney-client privilege or work product protection. Moreover, the mole is an Atos employee who has been or will be deposed, and responsive documents about the mole have been or will be produced. To the extent investigatory documents constitute work product, there is no substantial need for them.

7. Departure Dates: Atos shall provide the departure dates of the additional custodians AT&T requested be included as part of its "remediation efforts."

8. Atos's Privilege Claims: AT&T's objections that Atos's privilege claims over 20 documents are deficient are overruled based on a review of those entries and the subsequent correspondence of the parties.

9. To the extent AT&T seeks fees and costs in connection with its letter motion, the request is denied as the application has been granted only in part.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 136 and 137.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 12, 2024
New York, New York

Copies transmitted this date to all counsel of record.