```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/12/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AT&T CORP.,

                          Plaintiff,

        - against -

ATOS IT SOLUTIONS AND SERVICES, INC.,

                          Defendant.
------------------------------------------------------------X

21-CV-4550 (VSB) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

        This order resolves the issues raised by Atos in its letters dated January 23, 2024 at Dkt. 127, 130, and 133. Having considered the parties' arguments (see Defendant AT&T's responses at Dkt. 165, 167, 168) and all prior proceedings, the Court's rulings follow. To the extent a request for discovery is denied, the Court has determined that the request is not proportional to the needs of the case, particularly given the extensive discovery taken to date, limited relevance, and all other factors germane to the proportionality analysis.

        1.     AT&T's Compliance with Paragraph 4 of the Court's May 10, 2023 Order: Atos''s request is granted in part. AT&T is required to produce all non-privileged, responsive documents consisting of or reflecting communications to or from any member of the "pricing team" or "deal team," including communications with persons on neither the pricing team nor the deal team, and regardless of whether such person is a custodian or not. To be clear, such documents need only be searched for among the files of the existing AT&T custodians. Further, the subject matter of the communications is not limited to merely the "addition or subtraction of services from the scope of the deal" (Dkt.

1

165 at 2), but rather "the scope of the deal," whether or not addition or subtraction of services is expressed.

2.  HC Designations: Atos's request is denied; the Court is satisfied that AT&T has complied with its obligation to review and redesignate. To the extent there are specific HC documents that Atos seeks to disclose to persons outside the HC designation, Atos may raise the issue with AT&T, and the parties shall meet and confer in good faith.

3.  Five Additional Custodians: Atos's request is denied. The many custodians already included in AT&T's search are amply sufficient to have reasonably captured responsive documents to which the five additional custodians were an author or recipient.

4.  Similar Issues with Other Customers: Atos's request is denied.

5.  Duty to Preserve and Remediate: Atos's request is denied without prejudice to a later motion for spoliation at the conclusion of discovery in the event Atos has a good faith basis to making such a motion. Atos has not at this time demonstrated that relevant ESI has been lost, and it erroneously conflates the criteria for triggering the duty to preserve and the criteria for determining attorney work product.

To the extent Atos seeks fees and costs in connection with its letter motion, the request is denied as the application has been granted only in part.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkt. 127, 128, 130, 131, 133, and 134.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 12, 2024
      New York, New York

Copies transmitted this date to all counsel of record.